UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Philip K. Asherman,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Thomas C. Rowland, III,<br><br>　　　　　　Defendant. | 2:24-cv-01732-BHH<br><br>**COMPLAINT** |

Plaintiff Philip K. Asherman, by and through the undersigned attorney, submits this Complaint and alleges as set forth below.

**PARTIES**

1. Plaintiff Philip K. Asherman ("Plaintiff" or "Asherman") is an individual who is a citizen of Texas who resides in Montgomery County.

2. Defendant Thomas C. Rowland, III ("Defendant" or "Rowland"), is an individual who is, upon information and belief, a citizen of South Carolina who resides in Georgetown County.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this lawsuit under 28 U.S.C. § 1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000.00. Diversity of citizenship exists because, as stated above, Plaintiff is a citizen of the State of Texas whereas Defendant is a citizen of the State of South Carolina.

4. This Court has personal jurisdiction over Defendant because Defendant is domiciled in the State of South Carolina. Furthermore, this Court has personal jurisdiction over the parties because a substantial part of the events giving rise to this action took place in the State of South Carolina. Specifically, as discussed below, the Promissory Note relates to business activity carried on by, and is secured by a pledge of Defendant's interest in, a limited liability company that has filed a Certificate of Authority to Transact Business in the State of South Carolina and does in fact transact business in South Carolina. Consequently, the parties have more than minimum contacts with the State of South Carolina as they have purposefully availed themselves of business activity within the State of South Carolina.

5. Venue is proper in this Court under, *inter alia*, 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this Court's division.

## BACKGROUND

6. This lawsuit relates to Defendant's breach of his obligations pursuant to two separate contracts: first, that certain Promissory Note by and between Plaintiff and Defendant, dated September 30, 2020 (the "Note"); and second, Defendant's personal guaranty (the "Guaranty") of that certain Amended and Restated Line of Credit made between PF Hemp Co., LLC, a Delaware limited liability company, and Plaintiff, dated January 27, 2022 (the "Line of Credit").

7. A true and correct copy of the Note is attached hereto as **Exhibit 1**.

8. A true and correct copy of the Line of Credit, including the Guaranty, is attached hereto as **Exhibit 2**.

**The Note**

9. Specifically, under the Note, Defendant contracted to pay to Plaintiff the principal sum of One Hundred Fifty Thousand and no/100 dollars ($150,000.00) (the "Principal") together with interest on the outstanding principal balance at an interest rate of five and no/100 percent (5%) per annum (the "Interest") (the Principal and Interest, together, is collectively the "Indebtedness").

10. The Note required Defendant to fully satisfy the Indebtedness by paying the Indebtedness to Plaintiff by December 31, 2021 (the "Maturity Date").

11. Under the Note, Defendant agreed to, as a covenant, promptly pay the

Indebtedness when due, whether by acceleration of maturity or otherwise.

12. Additionally, the Note provided that Defendant would be in default if Defendant failed to pay any Principal or Interest when due or if Defendant failed or neglected to observe, perform, or comply with any term, provision, condition, or covenant contained in the Note (Defendant's failure to perform as required by the Note a "Default").

13. Pursuant to the Note, in the event of a Default, Interest would increase to the lesser of ten and no/100 percent (10%) per annum or the maximum rate permitted by law, and Plaintiff could accelerate the maturity of the Note, requiring the Indebtedness to be immediately due and payable.

    a. Moreover, the Note allowed Plaintiff to exercise any and all other rights and remedies provided under the Note or as provided by law or equity.

14. Defendant has failed to make the required payments under the Note.

15. Because Defendant failed to satisfy the Indebtedness by the Maturity Date, Defendant is in Default under the Note.

16. Plaintiff and Defendant have discussed Defendant's Default and potential remedies through which Defendant could cure his Default; however, Defendant has continued to fail to satisfy his obligations under the Note and remains in Default thereunder.

**The Guaranty**

17. Under the Line of Credit, PF Hemp Co., LLC ("PF Hemp") contracted to pay to Plaintiff the principal sum of two million two hundred thousand and no/100 dollars ($2,200,000.00) (the "Line of Credit Principal").

18. Moreover, under the Line of Credit, PF Hemp contracted to pay interest on the Line of Credit Principal at a variable rate pursuant to the terms of the Line of Credit.

19. Specifically, the Line of Credit required PF Hemp to repay the Line of Credit Principal by December 31, 2023 (the "Line of Credit Maturity Date").

20. Additionally, the Line of Credit included the Guaranty, under which Defendant contracted to guarantee the Line of Credit in the amount of seventeen and 69/100 (17.69%) of the Line of Credit.

21. Pursuant to the Guaranty, Defendant, and other individuals, "unconditionally guarantee[d] prompt payment of thirty-eight and 46/100 percent (38.46%) of all amounts due on this [Line of Credit] in the percentage amount shown below per individual."  Defendant's "percentage amount shown below" was seventeen and 69/100 percent (17.69%).

22. PF Hemp failed to make required payments under the Line of Credit.

23. Defendant is a guarantor of the Line of Credit.

24. Defendant has failed to fulfill his obligations as a guarantor of the Line of Credit.

25. Plaintiff and Defendant have discussed Defendant's failure to satisfy his obligations under the Guaranty and potential remedies through which Defendant could honor his obligations under the Guaranty; however, Defendant has not yet satisfied his obligations under the Guaranty.

## FIRST CAUSE OF ACTION
### (Breach of Contract as to the Note)

26. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

27. The Note is a valid contract.

28. The Note required Defendant to satisfy the Note by the Maturity Date.

29. Defendant has not paid amounts due under the Note.

30. Defendant breached the Note by breaching the obligations thereunder to issue payment to Plaintiff.

31. Defendant's breach actually damaged Plaintiff since Defendant failed to pay money owed to Plaintiff under the Note.

32. Therefore, Plaintiff is entitled to an award of damages against Defendant. Additionally, without waiving its rights to other damages to which Plaintiff is entitled, Plaintiff requests Defendant pay Plaintiff's attorneys' fees and costs as permitted by the Note.

## SECOND CAUSE OF ACTION

## (Breach of Contract as to the Guaranty)

33. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

34. The Guaranty is a valid contract.

35. Only three hundred thousand ($300,000.00) of the Line of Credit Principal has been repaid to Plaintiff.

36. The Guaranty required Defendant to guarantee prompt payment of the Line of Credit.

37. Defendant has not paid the amounts due under the Guaranty.

38. Defendant breached the Guaranty by breaching the obligations thereunder to issue payment to Plaintiff.

39. Defendant's breach actually damaged Plaintiff since Defendant failed to pay money to Plaintiff under the Guaranty.

40. Therefore, Plaintiff is entitled to an award of damages against Defendant. Additionally, without waiving its rights to other damages to which Plaintiff is entitled, Plaintiff requests Defendant pay Plaintiff's attorneys' fees as permitted by the Guaranty.

## THIRD CAUSE OF ACTION

**(In the alternative, Money Had and Received as to the Note)**

41. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

42. Plaintiff asserts this cause of action in the alternative.

43. By receiving a loan from Plaintiff, Defendant has money which in equity should be repaid to Plaintiff.

44. Equity and conscience sides with Plaintiff such that Plaintiff could recover the Indebtedness, and the Interest, owed to Plaintiff in a court of equity.

45. Therefore, equitable principles of unjust enrichment and restitution provide a remedy by which Plaintiff may recover the Indebtedness from Defendant.

## FOURTH CAUSE OF ACTION

**(In the alternative, Money Had and Received as to the Guaranty)**

46. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

47. Plaintiff asserts this cause of action in the alternative.

48. By agreeing to the Guaranty under the Line of Credit from Plaintiff, and thereby receiving money to conduct business, Defendant has money which in equity should be repaid to Plaintiff.

49. Equity and conscience sides with Plaintiff such that Plaintiff could recover the Guaranty owed to Plaintiff in a court of equity.

50. Therefore, equitable principles of unjust enrichment and restitution provide a remedy by which Plaintiff may recover the Guaranty from Defendant.

## FIFTH CAUSE OF ACTION

**(In the alternative, Quantum Meruit as to the Note)**

51. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

52. Plaintiff asserts this cause of action in the alternative.

53. By loaning the Indebtedness to Defendant, Plaintiff conferred a benefit upon Defendant.

54. By receiving the Indebtedness from Plaintiff, Defendant could conduct business. Thus, Defendant realized said benefit.

55. If Defendant retained the Indebtedness without repaying Plaintiff, such circumstances would be inequitable.

56. Therefore, Plaintiff is entitled to recover the Indebtedness and the Interest.

## SIXTH CAUSE OF ACTION

### (In the alternative, Quantum Meruit as to the Guaranty)

57. The allegations above and below are incorporated into this cause of action as if set forth fully herein.

58. Plaintiff asserts this cause of action in the alternative.

59. By executing the Line of Credit, supported by the Guaranty, Plaintiff conferred a benefit upon Defendant.

60. The Line of Credit, supported by the Guaranty, allowed Defendant to conduct business. Thus, Defendant realized said benefit.

61. If Defendant failed to repay Plaintiff, such circumstances would be inequitable.

62. Therefore, Plaintiff is entitled to recover the money owed to Plaintiff under the Guaranty.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant on all causes of action in an amount of at least five hundred forty-one thousand six hundred seventy-six and no/100 ($541,676.00) dollars, an amount equal to which Defendant has agreed to pay to satisfy his obligations under the Note and the Guaranty in addition to Plaintiffs' attorneys' fees as permitted by the Note and the Guaranty. Thus, Plaintiff requests that Plaintiff be awarded:

   A. Actual damages;

B. Consequential damages;

C. Special damages;

D. All other damages permitted by law;

E. Pre-judgment and post-judgment interest;

F. Attorneys' fees and costs; and

G. Such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

FORD WALLACE THOMSON LLC

By: s/ Ian Ford
Ian S. Ford
  Fed. Bar No. 9057
  Ian.Ford@FordWallace.com
715 King Street, Charleston, SC  29403
(843) 277-2011
www.FordWallace.com

*Attorney for Plaintiff*

Charleston, South Carolina

April 8, 2024