IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Philip K. Asherman,<br><br>　　　　Plaintiff,<br>　v.<br><br>Thomas C. Rowland, III,<br><br>　　　　Defendant. | Case No. 2:24-cv-1732-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for summary judgment. (Dkt. No. 18). Defendant opposes Plaintiff's motion (Dkt. No. 21), and Plaintiff replied (Dkt. No. 25). For the reasons set forth below, the Court partially grants Plaintiff's motion for summary judgment on Counts One and Two of his Complaint. (Dkt. No. 1).

**I.　Background**

This suit arises from Defendant's alleged breach of his obligations arising from two contracts entered into by the Parties: a Promissory Note dated September 30, 2020 and a Personal Guaranty by Defendant underlying an Amended and Restated Line of Credit between PF Hemp Co., LLC and Plaintiff ("Credit Agreement") dated January 27, 2022. (*See* Dkt. No. 1). Defendant admits that he has defaulted under both contracts. (Dkt. No. 9, ¶ 14) ("Defendant admits that he has not made the payments required by the Note."); (*id.*, ¶ 22) ("Defendant admits that PF Hemp did not make the payments required under the Line of Credit."); (*id.*, ¶ 24) ("Defendant admits that he has not made payments described in the Guaranty."). In light of Defendant's admissions, Plaintiff moves this Court to enter summary judgment in his favor.

## II. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

Defendant "does not deny that he is liable under the Promissory Note and the Guaranty of the Line of Credit to PF Hemp Co. LLC." (Dkt. No. 21 at 1). As a result, the Court grants summary

judgment in favor of Plaintiff on the issue of Defendant's liability under Counts I and II of Plaintiff's Complaint.

A genuine dispute of material fact remains as to Plaintiff's damages—specifically, the proper interest rate that should be applied to the outstanding balance owed by Defendant under the Promissory Note and Credit Agreement. Defendant contends that, with respect to the Note, the proper interest rate to use is 8.75% per annum, while Plaintiff maintains that a 10% interest rate is proper. (*Id.* at 2; Dkt. No. 18-1. Defendant argues that $264,081.38 remains due on the Credit Agreement, while it is Plaintiff's view that, as of October 31, 2024, $351,978.28 remains due under the Credit Agreement (a number that "continues to increase with interest.") Dkt. No. 21 at 2; Dkt. No. 18-1, ¶ 16). Although Plaintiff has demonstrated his entitlement to judgment in his favor on his breach of contract claim, there remain material factual disputes regarding damages. Consequently, the Court grants Plaintiff's motion for summary judgment on liability but will conduct **further proceedings** to determine the proper amount of damages to which Plaintiff is entitled.

### IV.     Conclusion

In light of the foregoing, the Court **GRANTS** Plaintiff partial summary judgment. (Dkt. No. 18). Plaintiff is entitled to summary judgment as to liability regarding Counts I and II of his Complaint. The Court will schedule a status conference in the near future to set a trial date for determining damages.

**AND IT IS SO ORDERED.**

                                                _s/ Richard Mark Gergel_
                                                Richard Mark Gergel
                                                United States District Judge

March 31, 2025
Charleston, South Carolina